**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: July 24 2014

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-30692 |
| | ) | |
| Rachel S. Best, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION REGARDING
### MOTION FOR RELIEF FROM STAY AND CO-DEBTOR STAY

This case is before the court on the Motion for Relief from Stay and Co-Debtor Stay ("Motion") filed by Venture Trust 2013-I-NH ("Movant") [Doc. # 25] and Debtor's response [Doc. # 38]. Movant seeks an order terminating the automatic stay imposed by 11 U.S.C. § 362(a) and the co-debtor stay imposed by 11 U.S.C. § 1301(a) to permit a foreclosure proceeding in state court to continue with respect to real property located at 14807 County Road 8, Arlington, Ohio, that is owned by Debtor and her non-debtor spouse, Charles A. Best.

The district court has jurisdiction over this Chapter 13 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings involving motions to terminate, annul, or modify the automatic stay are core proceedings

that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(G).

The court held a preliminary hearing on the Motion on June 19, 2014. Both Debtor's attorney and Movant's attorney appeared in person. The parties identified no factual issues in dispute, and the court took the Motion under advisement, subject to a later determination by the court that there are issues of fact that require presentation of evidence. Having considered the Motion, Debtor's response and the arguments of counsel, the court finds that the Motion as filed and argued does not raise any issues of fact necessitating a final evidentiary hearing. For the reasons that follow, the Motion will be denied.

## BACKGROUND

The following facts are not in dispute. On April 16, 2007, Debtor and her non-debtor spouse executed a Note in the amount of $152,161.00 in favor of Countrywide Home Loans, Inc., that was secured by a mortgage ("Mortgage") on their home located at 14807 County Road 8, Arlington, Ohio ("the Property"). [Doc. # 25, Exs. A & B]. Thereafter, the Note was transferred and the Mortgage was assigned to Bank of America. [*See id.*, Exs. C & D]. Bank of America commenced proceedings against Debtor and her husband in state court to foreclose on the Mortgage and obtained a judgment against them on August 21, 2013. [*See id.*, Ex. F, p. 2]. An Order of Sale was issued, [*id.*], and, on March 4, 2014, a sheriff's sale of the Property occurred at which Bank of America was the highest and best bidder at $139,900.00, [*id.* at 1]. On March 10, 2014, the state court granted Bank of America's motion to substitute Movant as a party plaintiff in the foreclosure proceeding.

Meanwhile, Debtor filed her Chapter 13 bankruptcy petition and Chapter 13 Plan ("Plan") on March 7, 2014. Debtor scheduled Bank of America as a creditor holding a claim secured by the Mortgage on the Property, owned jointly with her non-debtor spouse. [Doc. # 1, pp. 8 &13/43, Schedules A & D].[1] Debtor's sixty-month Plan proposed to cure the pre-petition default on her mortgage debt owed to Bank of America by means of monthly plan payments and to otherwise pay her mortgage debt through monthly conduit plan payments. [Doc. # 2]; 11 U.S.C. § 1322(b)(5). Notice of Debtor's bankruptcy case, the deadline for filing an objection to confirmation of the Plan, and the confirmation hearing date was sent to Bank of America by the Bankruptcy Noticing Center on March 12, 2014.

The court held the confirmation hearing on Debtor's proposed Plan, as noticed, on May 20, 2014.

---

[1] The court takes judicial notice of the contents of its case docket and the Debtor's schedules. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

There was no objection to confirmation filed and no appearance by any creditor at the confirmation hearing. The court orally confirmed the Plan subject only to submission of a stipulation and order amending the Plan regarding certain provisions not relevant in this matter. [*See* Doc. # 23]. The Stipulated Order Amending Chapter 13 Plan was filed on June 3, 2014, and an order confirming the Plan was entered on June 6, 2014.

On May 28, 2014, after the confirmation hearing, Movant filed the instant Motion. There is no dispute that Movant is an assignee of the Mortgage. [*See* Doc. # 25, Ex. E]. In addition, Movant states, and Debtor does not dispute, that as of the date of the Motion, it was in possession of the Note, which is endorsed in blank. [*See* Doc. # 25, ¶ 5 & Ex. A]. Debtor also does not dispute Movant's assertion that Debtor has no equity in the Property.

## LAW AND ANALYSIS

### I. Relief from the Automatic Stay under 11 U.S.C. § 362

Section 362 of the Bankruptcy Code provides that a bankruptcy petition "operates as a stay, applicable to all entities," of certain actions that encompass proceeding with Movant's state court judicial foreclosure action against the Property. 11 U.S.C. § 362(a)(1) – (6).[2] Movant requests relief from the automatic stay pursuant to § 362(d)(1) and (d)(2) in order to proceed in the state court foreclosure proceeding relating to the Property.

Section 362(d) provides in relevant part as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay under subsection (a) of this section . . .
>
> (1) for cause. . .;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization."

11 U.S.C. § 362(d)(1) and (2). Because the Code does not define "cause" under § 362(d)(1), "courts must determine whether discretionary relief is appropriate on a case-by-case basis." *Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co. (In re Laguna Assocs. Ltd. P'ship)*, 30 F.3d 734, 737 (6th Cir. 1994). Congress set forth burdens of proof applicable to a motion for relief from stay in 11 U.S.C. § 362(g). Specifically, the

---

[2]The Property was property of the bankruptcy estate under 11 U.S.C. § 1306 before confirmation and property of the Debtor after confirmation. 11 U.S.C. § 1327(b); [Doc. # 2, p.2/3, ¶ 11].

party seeking relief has the burden of proof on the debtor's equity in property, and the party opposing relief has the burden of proof on all other issues. Notwithstanding these statutory burdens, a party seeking relief from stay still has the burden of going forward to establish a prima facie right to the relief requested before the burden shifts to the debtor to disprove that cause exists for relief from stay. *In re Bushee*, 319, B.R. 542, 551 (Bankr. E.D. Tenn. 2004); *In re Cambridge Woodbridge Apts., L.L.C.*, 292 B.R. 832, 841 (Bankr. N.D. Ohio 2003).

There is no dispute that Movant is a party in interest as it currently possesses the Note and is an assignee of the Mortgage that secures the Note. As cause for relief under § 362(d)(1), Movant advances two arguments. Movant argues (1) that Debtor had no right to include in her Plan the cure and maintain provisions regarding the Note and Mortgage since the Property had been sold at sheriff's sale on March 5, 2014, before Debtor's petition was filed, and (2) that under Ohio law, Debtor has no right to possession of the property since her mortgage debt is in default. In addition, Movant argues under § 362(d)(2) that Debtor has no equity in the Property and that the Property is not necessary to an effective reorganization. However, for the reasons that follow, the court concludes that Movant has not established a prima facie right to relief under either § 362(d)(1) or (d)(2).

Under § 1327(a), "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). Where affected parties received proper notice of a plan and did not object or file a timely appeal, the confirmed plan is enforceable and binding and "has been described as 'res judicata of all issues that could or should have been litigated at the confirmation hearing." *Pees v. CitiMortgage, Inc. (In re Crum)*, 479 B.R. 734, 741 (Bankr. S.D. Ohio 2012) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) and *Ruskin v. DaimlerChrysler Servs. N. Amer., L.L.C. (In re Adkins)*, 425 F.3d, 296, 302 (6th Cir.2005)). "This binding effect of confirmation has led courts to conclude that proceedings inconsistent or incompatible with the confirmed plan are improper." *Salt Creek Valley Bank v. Wellman (In re Welllman)*, 322 B.R. 298, 301 (B.A.P. 6th Cir. 2004).

In this case, there is no assertion of improper notice of the provisions of the Plan. Bank of America, Debtor's mortgage creditor at the time of filing, was served with both the Plan and notice of objection deadline and the confirmation hearing by first class mail. Neither Bank of America, nor Movant as a successor in interest to Bank of America, objected to confirmation of the Plan or appealed the confirmation order. *See Miller v. Meinhard-Comm'l Corp.*, 462 F.2d 358, 360 (5th Cir. 1972) (stating that "[a]n

arrangement confirmed by a bankruptcy court has the effect of a judgment rendered by a district court, and any attempt by the parties or those in privity with them to relitigate any of the matters that were raised or could have been raised therein is barred under the doctrine res judicata"); *Sanders Confectionery Prods., Inc. v. Heller Fin'l, Inc.*, 973 F.2d 474, 481 (6th Cir. 1992) (stating that "privity" means, among other things, "a successor in interest"); *Ernest v. CitiMortgage, Inc.*, No. SA:13-CV-802-DAE, 2014 WL 294544, *4 (W.D. Tex. Jan. 22, 2014) ("assignees and servicing agents of a loan are in privity with an original mortgage company"); *In re Spencer*, No. 11-14214, 2013 WL 228041, *5 (E.D. Mich. Jan. 22, 2013) (finding privity established due to the defendants successive interests in the property at issue). Because all of the issues argued by Movant in support of its request for relief from stay could have been raised at the hearing on confirmation of the Plan, the confirmed Plan precludes such relief.

It is true, as argued by Movant, that a debtor may not provide in her Chapter 13 plan for the cure of a default with respect to a lien on the debtor's principal residence if a foreclosure sale has already occurred. *See* 11 U.S.C. § 1322(c)(1) (limiting a debtor's ability to cure such a default until "such residence is sold at a foreclosure sale"). The Sixth Circuit has construed § 1322(c)(1) as "terminat[ing] a debtor's right to cure a home mortgage default 'when the gavel comes down on the last bid at the foreclosure sale.'" *Cain v. Wells Fargo Bank, N.A.*, 423 F.3d 617, 620-21 (6th Cir. 2005). However, because no objection to confirmation was made based upon a foreclosure sale having taken place, this provision does not render Debtor's confirmed Plan unenforceable. *Cf. United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) (finding Chapter 13 plan enforceable where, after notice of the plan, the creditor did not object to a Chapter 13 plan provision that was contrary to both the Bankruptcy Code and the Bankruptcy Rules). As a result of confirmation, the issue raised by the Motion is a § 1327(a) issue and not a § 1322(c)(1) issue.

In *Espinosa,* the bankruptcy court had confirmed the debtor's Chapter 13 plan, which provided for discharge of the debtor's student loan obligations without the determination of undue hardship that is required by §§ 1328(a)(2) and 523(a)(8) and without initiating an adversary proceeding as required by Rule 7001 of the Federal Rules of Bankruptcy Procedure. *Id.* at 264. The creditor neither objected to confirmation nor appealed the confirmation order. *Id.* The United States Supreme Court rejected the student loan creditor's Rule 60(b) challenge of the confirmation order. *Id.* at 276. The Supreme Court found the confirmed plan enforceable, notwithstanding a violation of §§ 1328(a)(2) and 523(a)(8) in failing to comply with what the Supreme Court described as the "self-executing requirement" of a determination of undue hardship. *Id.* at 269-76, 277. The Supreme Court explained that a Rule 60(b) motion is not a

5

14-30692-maw    Doc 41    FILED 07/24/14    ENTERED 07/24/14 16:37:12    Page 5 of 8

substitute for a timely appeal and that a judgment is not void "simply because it is or may have been erroneous." *Id.* at 270.

Thus, in *Espinosa*, even where the plan provision at issue was plainly and obviously in contravention of the Bankruptcy Code such that the bankruptcy court should have required the debtor to conform his plan to the statutory requirements, absent a timely confirmation objection and appeal of the confirmation order, the confirmed plan was enforced. In this case, unlike *Espinosa*, nothing in Debtor's Plan plainly contravened the provisions of the Bankruptcy Code, and, specifically, the provision of § 1322(c)(1). The fact that a foreclosure sale had occurred prepetition was not before the court, and nothing in the Plan or record at that point would have alerted the court to that fact. [*Cf.* Doc. #1, p. 24/43, Q. 4a]. Moreover, even if confirmation of Debtor's Plan had been plain error, a motion for relief from stay is not the procedural mechanism for challenging the confirmation order.

Debtor's confirmed Plan also precludes the relief sought by Movant based upon its argument that, under Ohio law, Debtor has no right to possession of the Property after defaulting on her mortgage debt. This argument could also have been raised at the hearing on confirmation. Moreover, under Ohio law, until a sheriff's sale is confirmed, "the purchaser obtains no vested rights and the property remains property of the debtor's estate," *Fed. Nat'l Mortgage Assoc. v. Million (In re Million),* 39 B.R. 136, 139 (Bankr. S.D. Ohio 1984). There is no dispute that the sheriff's sale of the property to Bank of America had not been confirmed and Debtor was, in fact, in possession of the Property at the time she filed her petition.

Movant's argument under § 362(d)(2) that Debtor has no equity in the Property and that the Property is not necessary to an effective reorganization is also precluded by Debtor's confirmed Plan. In *Salt Creek Valley Bank v. Wellman (In re Wellman)*, 322 B.R. 298 (B.A.P. 6th Cir. 2004), the court addressed such an argument made in a motion for relief from stay filed before confirmation but that came before the bankruptcy court for hearing after confirmation of the debtor's plan. The court explained that § 1327 "precludes a creditor from asserting, after confirmation, any other interest than that provided for it in the confirmed plan" and that "all of the issues of adequate protection, lack of equity, the fact that the property is not necessary for effective reorganization of the debtor's affairs, etc., could and should have been raised in objections to confirmation." *Id.* at 301. The court thus concluded that the bankruptcy court properly overruled the motion for relief from stay as it was "an action by the creditor seeking relief that [was] incompatible with the plan." *Id.* at 302; *Owens v. Owens (In re Owens)*, 132 B.R. 293, 297 ((Bankr. E.D. Penn. 1991) (finding that "[o]nce a Chapter 13 plan is confirmed, a secured creditor whose claim is provided

for in, and whose claim is being paid within the context of, the plan can obtain relief only by showing that the debtor has substantially defaulted in performances due under the terms of the plan"); *Geiger v. Assocs. Home Equity (In re Geiger)*, No. 98-2446IT, 2001 WL 34633702, *4, *aff'd* 55 Fed. Appx 82 (3d Cir. 2003) (E.D. Penn. July 9, 2001)(same); *Gitler v. Parker*, No. 95-71258, 1995 WL 871159, *3, 1995 U.S. Dist. LEXIS 15076, *6 (E.D. Mich. Aug. 18, 1995) ("Once the court has confirmed a debtor's Chapter 13 plan, 'cause' for relief from the automatic stay must be established from evidence showing that *post*-confirmation payments have not been made."(emphasis in original)).

For all of the foregoing reasons, the court finds that Movant has not met its burden of establishing a prima facie right to relief from the automatic stay.

## II. Relief from the Co-debtor Stay under 11 U.S.C. § 1301

Movant also seeks relief from the codebtor stay imposed by § 1301, which provides in relevant part as follows:

> (a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless—
>
> (1) such individual became liable on or secured such debt in the ordinary course of such individual's business; or
>
> (2) the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title.
> . . . .
>
> (c) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—
>
> (1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;
>
> (2) the plan filed by the debtor proposes not to pay such claim; or
>
> (3) such creditor's interest would be irreparably harmed by continuation of such stay.

11 U.S.C. § 1301.

There is no dispute that the co-debtor stay applies to Debtor's non-debtor husband, who is also

7

14-30692-maw    Doc 41    FILED 07/24/14    ENTERED 07/24/14 16:37:12    Page 7 of 8

liable on the home mortgage debt owed to Movant.  However, neither in its Motion nor at the hearing on the Motion did Movant address any of the bases for relief set forth in § 1301(c).  As the confirmed plan provides for payment of the mortgage debt and as there is no argument that either § 1301(c)(1) or (c)(3) applies in this case, Movant is not entitled to the requested relief from the co-Debtor stay.

A separate order in accordance with this memorandum of decision will be entered by the court.

###